IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EVELYN MITZEL, | ) |
| | ) 8:10CV392 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND ORDER |
| | ) |
| HSBC CARD SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

This case is before the court on a motion to dismiss on behalf of defendant HSBC Card Services, Inc. Filing No. 13. The defendant moves the court, pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss plaintiff's complaint for the reason that the complaint fails to state a claim upon which relief can be granted. *Id.*

**FACTS**

Plaintiff Evelyn Mitzel ("Mitzel") alleges the following facts. Mitzel is a resident of Wayne County, Nebraska. Filing No. 1, Doc #1-3. Defendant, HSBC Card Services, Inc. (hereinafter "HSBC"), is a foreign corporation registered to do business in Nebraska. *Id.* In the summer of 2006, Mitzel's credit card account with HSBC was used by her former husband, David Fox (hereinafter "Fox"), who forged Mitzel's name to a credit card check from HSBC. Filing No. 18. Fox was not an authorized user on the account and did not have Mitzel's permission to sign her name to the check. *Id.* Fox subsequently deposited the funds, $5,000, Filing No. 1, Doc # 1-1, into his own account, but did not share the funds with Miztel. Filing No. 18.

Mitzel first learned of this debt when she and Fox divorced, but Fox assured Mitzel that this debt had been paid off. *Id.* However, when Mitzel learned of Fox's death, the

debt had still not been paid. *Id.* Mitzel immediately notified HSBC about the forgery by telephone and letters, and HSBC corresponded by telephone and letters. *Id.* Mitzel attempted to contact the credit reporting agencies about this account to indicate that the debt was "disputed" in order to prevent further damage to her credit. *Id.*

Mitzel filed the petition in the Nebraska County Court in Wayne County asserting two claims: (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(a) and § 1692e(2)(A); and (2) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s(2)(b). Filing No. 14. HSBC removed the action to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1441(b) since it involves an action founded on a claim or right arising under the laws of the United States, Filing No. 1, Doc #1-3. Now HSBC motions to dismiss the case, Filing No. 13.

**LAW**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (quoting Fed.R.Civ.P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, —,129 S. Ct. 1937, 1949 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at —, 129 S. Ct. at 1949-50. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at —, 129 S. Ct. at 1950. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* When there are well-pleaded factual allegations, a court should assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 556; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed.R.Civ.P. 12(b)(6). *Twombly,* 550 U.S. at 558; *Iqbal,* — U.S. at —, 129 S. Ct. at 1950 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'").

"The [Federal Debt Collection Practices Act] FDCPA imposes civil liability only on *debt collectors*, as they are defined by the statute." *Volden v. Innovative Fin. Sys., Inc.,* 440 Fed 3d 947, 950 (8th Cir. 2006) (emphasis added) (alteration in original). A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6); *see Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1234 (5th

Cir. 1997) (finding that the defendant violated the FDCPA by using names other than its own to collect on the debt). The FDCPA provides that "it is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." 15 U.S.C. § 1692j(a). Moreover, "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. §1692a(6)(F).

This distinction between *creditors* and *debt collectors* is fundamental to FDCPA because the Act does not regulate creditors' activities at all. *Schmitt v. FMA Alliance*, 398 Fed 3d 995, 998 (8th Cir. 2005) (citing *Randolph v. IMBS*, 368 F.3d 726, 729 (7th Cir. 2004)). Section 1692a(4) defines "creditor" to mean "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

Section 1681s-2 of the Fair Credit Reporting Act ("FCRA") imposes two general sets of duties on those who furnish credit information. First, under § 1681s-2(a), furnishers of credit information have a duty to provide accurate information to a credit reporting agency. Congress did not create a private right of action for violations of this section, providing at 15 U.S.C. § 1681s-2(d) that such violations "shall be enforced exclusively . . . by the Federal agencies and officials and State officials identified in § 1681s." The FCRA

imposes a second set of duties under § 1681s-2(b) that requires furnishers of information to: (1) conduct an investigation with respect to disputed information; (2) review all relevant information provided by the consumer reporting agency; (3) report the results of the investigation to the consumer reporting agency; and (4) if the investigation finds that the information is incomplete or inaccurate, report those results to all other national consumer reporting agencies. A private right action does exist for violations of this set of duties, but it is vital to note that these duties are only triggered after a furnisher of information receives notice of a consumer dispute from a credit reporting agency. In the absence of such notification, no duty arises. Specifically, § 1681s-2(b) imposes these duties "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute" regarding the accuracy of information it provided to a consumer reporting agency. Section 1681i(a)(2) requires a consumer reporting agency, within five business days after receiving the consumer's dispute, to notify any person who provided any relevant item of information about the dispute.

## DISCUSSION

The first issue in this case is whether the allegations of the complaint state a plausible claim for relief that HSCB is a debt collector as defined by the FDCPA. HSBC argues that the only reasonable reading of the complaint, since Mitzel never alleges any collection efforts by HSBC, is that Mitzel is alleging that HSBC is a "creditor" and not a "debt collector." HSBC argues that the FDCPA is inapplicable and any claim asserted by Miztel that HSBC violated that Act must fail as a matter of law and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). On the contrary, Mitzel alleges that HSBC and/or its agent sent correspondence via letter and the telephone to Mitzel under the name of HSBC,

HSBC Bank, HSBC Card Services, and Phillips & Cohen Associates, Ltd., and, therefore, acted as a debt collector. This court finds that there is a plausible claim for relief as set forth in Mitzel's brief; however, such a claim has not been alleged on the face of the complaint. Therefore, the motion to dismiss shall not be granted, but instead the court will give Mitzel twenty days from the date of this order to amend her complaint to include the allegations set forth in the brief regarding the various attempts at debt collection by HSBC, HSBC Bank, HSBC Card Services, and Phillips & Cohen Associates, Ltd.

The second issue in this case is whether the allegations of the complaint create a plausible claim for relief that Mitzel disputed the debt to a credit reporting agency, which makes HSBC responsible to report the debt to the credit reporting agency as "disputed" rather than delinquent as required by the FCRA.

HSBC argues that it has no responsibility to investigate a credit dispute until after it has received notice from a credit reporting agency and that notification from Mitzel, a consumer, is not enough. HSBC argues that the complaint does not allege that HSBC was ever notified by a credit reporting agency. However, Mitzel argues she disputed the account with three credit reporting agencies. In addition, Mitzel alleges that she notified HSBC and/or its agents as soon as she became aware of the debt, but that HSBC never provided Mitzel with any verification of the account. Mitzel also alleges that HSBC and/or its agents failed to notify the credit reporting agencies that Mitzel was "disputing" the account, which would prevent HSBC from reporting the account as delinquent. However, Mitzel argues that HSBC and/or its agents continued to report this account to the credit reporting agencies as delinquent, damaging her credit.

The court notes that Mitzel does not specifically allege in her complaint that HSBC and/or its agents were notified by any of the three credit reporting agencies, although it is alleged that Mitzel disputed her account to three credit reporting agencies. Accordingly, the court will likewise grant Mitzel twenty days to amend her complaint to include allegations that support the statutory scheme in this regard.

THEREFORE IT IS ORDERED:

1. HSBC's motion to dismiss, Filing No. 13, is denied.

2. Mitzel is given twenty days from the date of this Memorandum and Order to file an amended complaint consistent with the court's directives herein.

DATED this 15th day of July, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.